UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS L. WILLIAMS,<br><br>　　　　　　　　　Plaintiff<br><br>　　v.<br><br>STATE OF NEVADA, et al,<br><br>　　　　　　　　　Defendants | Case No. 3:23-cv-00511-ART-CSD<br><br>ORDER |

**I.     DISCUSSION**

On October 19, 2023, Plaintiff, who is a pretrial detainee at the Washoe County Detention Facility, submitted a civil rights complaint under 42 U.S.C. § 1983.[1] (ECF No. 1-1). Plaintiff did not pay the $402 filing fee for a civil rights action or file an application to proceed *in forma pauperis*. (*See* ECF No. 1). On October 27, 2023, Plaintiff filed a notice explaining that he filed a class action petition for writ of habeas corpus on behalf of himself and 10 other pretrial detainees on two separate § 1983 forms and another document. (ECF No. 3). Plaintiff does not understand why his case was split up into three different case numbers. (*Id.* at 2).

It is unclear to the Court what type of case Plaintiff intends to bring. If Plaintiff seeks to file a petition for writ of habeas corpus under 28 U.S.C. § 2241, then he must

---

[1] Although Plaintiff's complaint is labeled a "class action" and Plaintiff references "all Plaintiffs" in the case, Plaintiff does not identify any other plaintiffs in the complaint. Plaintiff should take note that *pro se* litigants have no authority to represent anyone other than themselves. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases and explaining that a non-attorney plaintiff cannot pursue claims on behalf of others in a representative capacity); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). This means *pro se* litigants cannot seek to certify a case as a class action themselves; they must be represented by counsel. *See Simon*, 546 F.3d at 665 (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding *pro se* prisoner may not bring a class action on behalf of fellow prisoners)). But there is no right to appointed counsel in civil-rights actions. And "the court will appoint counsel for indigent civil litigants only in 'exceptional circumstances.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

submit his petition on the correct form. If Plaintiff seeks to initiate a 42 U.S.C. § 1983 complaint, then he must submit his complaint on the correct form. If Plaintiff believes that the Clerk of the Court erroneously docketed his filings in three separate actions, he must voluntarily dismiss the cases that he thinks were erroneously opened and file the appropriate documents in the case number that he wants to pursue his claims.

By November 30, 2023, Plaintiff will file one of the following: (1) a notice voluntarily dismissing this action to pursue his claims in a different case, (2) a notice stating he wishes to proceed on the 42 U.S.C. § 1983 complaint docketed in this case, or (3) a notice withdrawing the § 1983 complaint and filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this case.

Additionally, if Plaintiff seeks to continue litigation under this case number, he will need to pay the appropriate filing fee for this action or submit a fully complete application to proceed *in forma pauperis*. The filing fee for a civil rights action is $402 and $5 for a habeas action. "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2.

**II.    CONCLUSION**

It is therefore ordered that, **on or before November 30, 2023**, Plaintiff will file one of the following: (1) a notice voluntarily dismissing this action, (2) a notice stating he wishes to proceed on the § 1983 complaint docketed in this case, or (3) a notice withdrawing the § 1983 complaint and filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this case.

It is further ordered that, **on or before November 30, 2023**, Plaintiff will either pay the full filing fee for either a civil rights action ($402) or habeas action ($5), <u>or</u> file a fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3, a completed financial certificate that is signed both by the inmate and the prison or jail official, and a copy of the inmate's trust fund account statement for the previous six-month period.

It is further ordered that the Clerk of the Court will send to Plaintiff a copy of his complaint (ECF No. 1-1) and the approved forms and instructions for filing a § 1983 complaint, a petition for writ of habeas corpus under § 2241, and an application to proceed *in forma pauperis* for inmates.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when he can file a signed complaint or petition and either pay the required filing fee or apply for *in forma pauperis* status.

DATED: October 31, 2023.

_____
UNITED STATES MAGISTRATE JUDGE