UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS L. WILLIAMS,

                       Plaintiff,

v.

STATE OF NEVADA, et al.,

                       Defendants.

Case No. 3:23-cv-00511-ART-CSD

ORDER

Plaintiff Thomas L. Williams attempted to initiate an action in federal court. (ECF No. 1-1). However, because Plaintiff initiated this action on a civil rights form and then filed a notice that he had filed a petition for writ of habeas corpus, it was unclear to the Court what type of case Plaintiff intended to bring. (ECF No. 4 at 1). On October 31, 2023, the Court ordered Plaintiff to file on or before November 30, 2023, one of the following: (1) a notice voluntarily dismissing this action, (2) a notice stating he wishes to proceed on the § 1983 complaint docketed in this case, or (3) a notice withdrawing the § 1983 complaint and filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this case. (*Id.* at 2). The Court also directed Plaintiff to pay the full filing fee for a civil rights action ($402) or habeas action ($5), or file a fully complete application to proceed *in forma pauperis* by November 30, 2023. (*Id.* at 3). In response to Plaintiff's letter, the Court extended Plaintiff's deadline to January 31, 2024, to comply with the Court's earlier order. (*See* ECF Nos. 5-1, 6). That deadline expired and Plaintiff did not file a notice, pay the filing fee, file an application to proceed *in forma pauperis*, or otherwise respond.

I.     **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

1    on a party's failure to obey a court order or comply with local rules. *See Carey v.*
2    *King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to
3    comply with local rule requiring *pro se* plaintiffs to keep court apprised of
4    address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
5    (dismissal for failure to comply with court order). In determining whether to
6    dismiss an action on one of these grounds, the Court must consider: (1) the
7    public's interest in expeditious resolution of litigation; (2) the Court's need to
8    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
9    favoring disposition of cases on their merits; and (5) the availability of less drastic
10   alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
11   1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
12   Cir. 1987)).

13         The first two factors, the public's interest in expeditiously resolving this
14   litigation and the Court's interest in managing its docket, weigh in favor of
15   dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants,
16   also weighs in favor of dismissal because a presumption of injury arises from the
17   occurrence of unreasonable delay in filing a pleading ordered by the court or
18   prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
19   1976). The fourth factor—the public policy favoring disposition of cases on their
20   merits—is greatly outweighed by the factors favoring dismissal.

21         The fifth factor requires the Court to consider whether less drastic
22   alternatives can be used to correct the party's failure that brought about the
23   Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
24   992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
25   the party has disobeyed a court order does not satisfy this factor); *accord*
26   *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
27   "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
28   pursuit of less drastic alternatives prior to disobedience of the court's order as

satisfying this element[,]" *i.e.,* like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff specifies what type of case he is trying to initiate and either pays the filing fee or submits an application to proceed *in forma pauperis*, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception:  there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order.  Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to indicate which type of lawsuit he is trying to pursue and either pay the filing fee or file an application to proceed *in forma pauperis*. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint or petition in a new case.

DATED THIS 6th day of February 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE